JAY W. CONNELLY, PLAINTIFF-RESPONDENT, v. MUNICI-
PAL EMPLOYEES PENSION COMMISSION OF THE CITY
OF NEWARK, DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided April 22, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Raymond Schroeder* (*Thomas M. Kane*,
of counsel).

For the respondent, *Tepper & Tepper*.

The opinion of the court was delivered by

HEHER, J.   Respondent was discharged from a clerical
position in the Department of Revenue and Finance of the
City of Newark for conviction of a crime not related to the
performance of his official duties; and the point at issue is
whether he is entitled to the return of all moneys paid into
the pension fund.   The District Court resolved the inquiry
in the affirmative; and the Pension Commission appeals.

The facts have been stipulated.   Respondent was "dis-
charged" from his position "for the reason that on March
23d, 1934," he was "convicted of false pretense" in the Court
of Quarter Sessions of the County of Essex, and was there-
after, on the ensuing April 6th, "placed on probation for a
period of five years."   He had been employed by the munici-
pality for approximately twenty-seven years.   His "record
during such employment was good."   Following respondent's

discharge, the Civil Service Commission "authorized a hearing" at his request, but it "was dismissed on November 12th, 1935, for lack of prosecution." His "dismissal" was "approved" by that body. On December 28th, 1936, respondent "requested a hearing" before the Civil Service Commission "relative to his dismissal." The application was denied on January 5th, 1937. On November 27th, 1941, the Civil Service Commission, by letter, advised respondent's attorneys that "the Commission's rules and procedure under the law do not automatically bar a person who has been convicted of an offense by the courts, if such a person is an applicant for admission to any examination held under the jurisdiction of the Commission;" and that "The applications of applicants in Civil Service examinations who may have, at some time, come under the notice of the courts, are given consideration and passed upon by the Commission as individual cases. The Commission seeks always to follow a policy that is equitable and conducive to public interest." It was stipulated that this letter "shall be received in evidence and shall be regarded * * * as the official interpretation of the Civil Service Commission of" the pertinent rule.

Rule 26 of the Civil Service Commission provides that the chief examiner and secretary "may reject the application of any person for admission to tests for a given position or refuse to test any applicant or to certify the name of an eligible from an employment list for any of the following or other good causes: * * * (d) That the applicant has been guilty of a crime or of disgraceful conduct; (e) That the applicant has been dismissed from employment in the public service or in a commercial or other organization for delinquency or misconduct;" and "(h) That the applicant has been previously employed in the classified service and has been removed for cause or did not resign in good standing."

The question is one of construction and of legislative intent. R. S. 43 :13-10 provides that if a municipal employee shall be "suspended, dropped or discharged from his employment after having paid his assessments for a period over one year and his suspension or discharge shall continue for a period longer than two years," the moneys he shall have paid into the

pension fund shall be returned to him, provided that such refund shall not be made "to an employee suspended or discharged for causes which bar him from eligibility to reappointment under the civil service rules."

This latter clause is in the nature of a proviso; and its design was to deny a refund of contributions to the pension fund made by an employee suspended or discharged for a cause which gave rise to ineligibility under the rules and regulations of the Civil Service Commission. Respondent is in this category. He was convicted of a crime involving moral turpitude. For this misconduct, he was discharged; and it was within the province of the Civil Service Commission, under the rule adverted to, to classify him as ineligible to "reappointment." The incapacity arose from the conviction of crime.

It is argued on respondent's behalf that the cited rule is permissive merely, and that the disqualification contemplated by the statute is such as is founded upon "reasons which absolutely, finally, definitely and unequivocally prevent his appointment or reappointment." It is said that an "automatic bar" is the legislative concept. We do not entertain this view.

Respondent's offense was such as to deprive him of "eligibility to reappointment" under the subsisting civil service rules. It sufficed to sustain his discharge, and, by the same token, it rendered him ineligible to "reappointment." If, by reason of this misbehavior, the Civil Service Commission may lawfully refuse to certify respondent for reappointment, it must needs be on grounds of ineligibility. By the operation of the cited rule, respondent is bereft of the right to certification as qualified for "reappointment;" and this is the statutory criterion. If the offense be such as to constitute a valid reason for disqualification, the discharged employee is ineligible to reappointment within the fair intendment of the statute. As respects this particular disability, the pertinent civil service rule is in no sense arbitrary or unreasonable. One of the fundamental purposes of the pensioning of civil servants is to secure good behavior and the maintenance

of a reasonable standard of discipline during service. *Plunkett* v. *Pension Commissioners of Hoboken*, 113 *N. J. L.* 230.

There is no contention that this statutory provision is not complete in itself, and that it is in essence a delegation of legislative power, rather than the grant of a reasonable discretion in the exercise of a purely administrative function; and we therefore have no occasion to consider that question. The rules and regulations of the Civil Service Commission, adopted pursuant to statutory authority, ordinarily have the force and effect of law if an adequate legislative standard is laid down.

The judgment is accordingly reversed, but without costs; and, since the facts were stipulated in the District Court, final judgment in favor of appellant may be entered in this court in accordance with the practice. *Smith* v. *Ocean Castle*, 59 *N. J. L.* 198; *Elwood* v. *Smith*, 104 *Id.* 248; *affirmed*, 105 *Id.* 236.